PAUL E. MANASIAN (SB No. 130855)
GREGORY A. ROUGEAU (SB No. 194437)
THOMAS T. HWANG (SB No. 218678)
MANASIAN & ROUGEAU, LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 291-8425
Facsimile: (415) 291-8426
Email: manasian@mrlawsf.com
Email: rougeau@mrlawsf.com
Email: hwang@mrlawsf.com

Attorneys for Debtor in Possession,
QMECT, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>QMECT, INC., a California corporation, dba Electrochem,<br>               Debtor.<br><br>Employer's Tax I.D. No. 94-2923737 | ) Chapter 11<br>)<br>) Case No. 04-41044-LT11<br>)<br>) Adv. Proc. No.<br>)<br>) |
| QMECT, INC., dba ELECTROCHEM, a California corporation,<br><br>          Plaintiff,<br><br>       vs.<br><br>BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware limited partnership; ELECTROCHEM FUNDING, LLC, a Delaware limited liability company; COMERICA BANK, a Michigan corporation,<br><br>         Defendants. | ) **COMPLAINT TO AVOID**<br>) **PREFERENTIAL TRANSFER, FOR**<br>) **RECOVERY OF MONEY, AND FOR**<br>) **DISALLOWANCE OF CLAIMS**<br>) **(11 U.S.C. §§ 547, 550 and 502)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, QMECT, INC., the debtor and debtor-in-possession herein (the "Plaintiff" or "Debtor"), hereby alleges and complains as follows:

COMPLAINT TO AVOID PREFERENTIAL TRANSFER, FOR RECOVERY OF MONEY, AND FOR DISALLOWANCE OF CLAIMS

Case: 04-04171   Doc# 1   Filed: 06/01/04   Entered: 06/01/04 15:54:12   Page 1 of 9

## JURISDICTION AND VENUE

1. Defendant Burlingame Capital Partners II, L.P. ("BCPII") is a creditor of the Debtor and is a limited partnership based in Delaware, is licensed to conduct business in California and in fact does conduct business in California. Defendant Electrochem Funding, LLC ("Funding") is a creditor of the Debtor and is a limited liability company based in Delaware, is licensed to conduct business in California and in fact does conduct business in California. Defendant Comerica Bank ("Comerica") is a corporation based in Michigan, is licensed to conduct business in California and in fact does conduct business in California.

2. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §§105, 547(b), 550, 551, 28 U.S.C. §§157(a) and (b) and 1334, and various other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and laws of the United States of America.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1409 by virtue of the Chapter 11 case pending before the United States Bankruptcy Court for the Northern District of California (In re Qmect, Inc., Chapter 11 Case No. 04-41044 LT11).

4. This Complaint initiates an Adversary Proceeding as contemplated by Rule 7001(1) of the Federal Rules of Bankruptcy Procedure. This controversy is a "core proceeding" as that term is defined in 28 U.S.C. §157(b)(2)(F).

### FIRST CLAIM FOR RELIEF
#### (Avoidance of Preferential Transfers; 11 U.S.C. §547)

5. The Plaintiff filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on February 27, 2004 (the "Petition Date"), and is a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. Commencing in 1996, Plaintiff entered into a series of loan documents, agreements, and instruments with co-Defendant Comerica for credit (the "Senior Loans") which was secured, through the various documents, by the Plaintiff's cash, inventory, accounts receivables, and real property (the "Senior Loans Collateral"). In February 2004, co-Defendant Funding acquired Comerica's right, title, and interest in the Senior Loans. Funding has claimed

Case: 04-04171   Doc# 1   Filed: 06/01/04   Entered: 06/01/04 15:54:12   Page 2 of 9

that as of February 26, 2004 (one day prior to the filing of the Petition), the amount due and owing under the Senior Loans was $2,520,054.18, plus accrued but unpaid interest of $12,186.35 as of February 2, 2004, plus attorneys' fees and costs.

7. In addition to the Senior Loans, Plaintiff and co-Defendant"BCPII" are parties to an Amended and Restated Loan and Security Agreement, dated November 26, 2001 (the "Junior Loan"). Pursuant to the Junior Loan and various other documents, BCPII extended advanced credit to the Plaintiff in exchange for a security interest in essentially all of the Plaintiff's pre-petition assets (the "Junior Loan Collateral"). BCPII has claimed that as of February 26, 2004 (one day prior to the filing of the Petition), the amount due and owing under the Junior Loan is $2,000,000.00, plus accrued but unpaid interest of $1,057,514.09 as of January 31, 2004, plus attorneys' fees and costs.

8. As of December 27, 2003, the Senior Loans and the Junior Loans (collectively, the "Loans") were undersecured, because the value of Debtor's indebtedness to Defendants thereunder exceeded the value of the Senior Loans Collateral and the Junior Loan Collateral (collectively, the "Collateral").

9. Between December 27, 2003 and the Petition Date, the value of the Collateral was increased by an amount no less than $126,329.00, through receivables generated and inventory obtained by the Plaintiff. By virtue of the documents and agreements underlying the Senior Loans and the Junior Loan, and various UCC financing statements filed by Defendants with respect to the aforementioned Collateral, Defendants obtained liens in the receivables generated and inventory obtained by the Plaintiff during the aforementioned ninety-day period.

10. The creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the Petition Date improved Defendants' position as secured creditors, because the Loans became less undersecured by the amount of the increase in the Collateral's value.

11. The creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the Petition Date, and the corresponding reduction in the amount by

Page 3

which the Loan was undersecured, constitutes a transfer under 11 U.S.C. § 547.

12. The transfer to Defendants through the creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the Petition Date was for, or on account of, an antecedent debt or debts owed by the Plaintiff to the Defendants before such transfer was made.

13. The transfer to Defendants through the creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the Petition Date was made at a time when the Plaintiff was insolvent. Due to the fact that the transfer occurred within ninety (90)days prior to the filing of the Debtor's petition herein, Plaintiff is presumed to be insolvent pursuant to 11 U.S.C. § 547(f).

14. The transfer to the Defendants through the creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the Petition Date will enable the Defendants to receive more than they would as creditors if:

    a. The case were a case under Chapter 7 of Title 11;

    b. The transfer had not been made;

    c. The Defendants received payment of their debt to the extent provided by the provisions of Title 11 of the United States Code.

15. The transfer to the Defendants through the creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the Petition Date, and the corresponding reduction in the amount by which the Loans were undersecured, created a lien in receivables and inventory of Plaintiff, to the prejudice of Plaintiff's unsecured creditors. Specifically, the reduction in the amount by which the Loans were undersecured are outlined per each co-Defendant as follows:

    a) With respect to the Senior Loans as they were owned by Comerica, Comerica's deficiency was reduced, and its position improved, during the period from December 27, 2003 until the date it transferred its interests in the Senior Loans to BCPII and/or Funding;

Case: 04-04171   Doc# 1   Filed: 06/01/04   Entered: 06/01/04 15:54:12   Page 4 of 9

b) With respect to the Senior Loans as they are owned by Funding, Funding's unsecured deficiency was reduced, and its position improved, from the date it acquired ownership of the Senior Loans until the Petition Date;

c) To the extent at any point during the period from December 27, 2004 until the Petition Date Funding's interest was or became fully secured, BCPII's unsecured deficiency with respect to the Junior Loans was reduced, and its position improved, during that period.

16. Under 11 U.S.C. § 547(c)(5), the debtor may avoid a transfer that creates a lien in inventory and receivables to the extent that such transfer caused a reduction, as of the Petition Date and to the prejudice of Plaintiff's unsecured creditors, of any amount by which the amount of Plaintiff's indebtedness to the Defendants under their Loans exceeded the value of the Collateral on December 27, 2003. By this Complaint, Plaintiff seeks to avoid the transfer of the amount of the increase of the value of the Collateral between December 27, 2003 and the Petition Date, in an amount no less than $126,329.00.

17. The transfers will enable the Defendants to receive more than they would as creditors if:

a. The case were a case under Chapter 7 of Title 11;

b. The transfers had not been made;

c. The Defendants received payment of their debts to the extent provided by the provisions of Title 11 of the United States Code.

18. By reason of the foregoing, the Defendants are liable to the Plaintiff in the aggregate sum of no less than $126,329.00 for a preferential transfer that the Plaintiff made to the Defendants. Each co-Defendant is liable for a proportional amount of the aggregate sum of $126,329.00, depending on the extent of the respective reduction of amounts by which each co-Defendant's interest was undersecured. The Plaintiff requests that judgment be entered in favor of the Plaintiff in the aforementioned amount pursuant to 11 U.S.C. §547.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as hereinafter set forth.

Case: 04-04171   Doc# 1   Filed: 06/01/04   Entered: 06/01/04 15:54:12   Page 5 of 9

## SECOND CLAIM FOR RELIEF
### (Recovery of Money; 11 U.S.C. §550)

19. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Pursuant to 11 U.S.C. §550(a), to the extent a transfer is avoided under 11 U.S.C. §547, the Plaintiff may recover the property or the value of the property transferred from the entity to whom or for whose benefit the transfer was made.

21. The value of the property transferred to or for the benefit of the Defendants is equal to the amount of the transfer described herein in the total sum of $126,329.00.

22. By this Complaint, Plaintiff seeks entry of Judgment against the Defendants in the amount of the transfer avoided herein under 11 U.S.C. § 547, in the aggregate amount of $126,329.00. The proportional amount of the $126,329.00 sum that each co-Defendant is liable is directly dependant to the extent of the respective reduction of amounts by which each co-Defendant's interest was undersecured.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (Disallowance of Claims; 11 U.S.C. §502)

23. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. According to a check of the Northern District of California Bankruptcy Court Claims Register, the Defendants have asserted the following claims against the Debtor's bankruptcy estate, according to a:

    a. Claim No. 22, filed on or about April 30, 2004 for an undisclosed amount and in an undisclosed class, by Funding.

    b. Claim No. 23, filed on or about April 30, 2004 for an undisclosed amount and in an undisclosed class, by Funding.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER, FOR RECOVERY OF MONEY, AND FOR DISALLOWANCE OF CLAIMS

c. Claim No. 24, filed on or about April 30, 2004 for an undisclosed amount and in an undisclosed class, by "Burlingame Capital Partners."

d. Claim No. 25, filed on or about April 30, 2004 for an undisclosed amount and in an undisclosed class, by "Burlingame Capital Partners."

25. Pursuant to 11 U.S.C. §502(d), the Court shall disallow the claim of any entity from which property is recoverable under §550, or that is the transferee of a transfer avoidable under §547 of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over such property for which such entity or transferee is liable.

26. By reason of the foregoing, the aforementioned claims of Funding and BCPII herein should be disallowed in their entirety. The Plaintiff requests that judgment be entered in its favor disallowing the claims asserted in this Chapter 11 case by Funding and BCPII.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

a. Under the First Claim for Relief, that judgment be entered for the Plaintiff declaring that the amount of the improvement of the Defendants' position as secured creditors of Plaintiff, through the creation of a lien in the receivables generated and inventory obtained between December 27, 2003 and the date of the filing of the Petition to be preferential, is null and void, pursuant to the provisions of 11 U.S.C. §547;

b. Under the Second Claim for Relief that judgment be entered for the Plaintiff directing the Defendants to pay the Plaintiff the sum of $126,329.00, plus interest at the legal rate of ten percent (10%) per annum from the commencement of this Adversary Proceeding; and

c. Under the Third Claim for Relief, that judgment be entered for the Plaintiff disallowing the Funding and BCPII's claims in this Chapter 11 proceeding;

d. For the Plaintiff's costs of suit incurred herein; and

e. For such other and further relief as the Court deems just and proper.

COMPLAINT TO AVOID PREFERENTIAL TRANSFER, FOR RECOVERY OF MONEY, AND FOR DISALLOWANCE OF CLAIMS

Dated: June 1, 2004

MANASIAN & ROUGEAU LLP

By: _____
Paul E. Manasian
Attorneys for Debtor QMECT, INC.

\\Gradl\m&r\Electrochem\Pleadings\PrefAxn Compl II.wpd

Case: 04-04171    Doc# 1    Filed: 06/01/04    Entered: 06/01/04 15:54:12    Page 8 of 9

# PROOF OF SERVICE

I am employed at 400 Montgomery Street, Suite 1000, San Francisco, California 94104 in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action.

On June 1, 2004, I served the document(s) described as **COMPLAINT TO AVOID PREFERENTIAL TRANSFER, FOR RECOVERY OF MONEY, AND FOR DISALLOWANCE OF CLAIMS (11 U.S.C. §§ 547, 550 and 502)** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Pachulski Stang, et al.
Attn: Tobias S. Keller, Esq.
Three Embarcadero Center, Suite 1020
San Francisco, CA 94111
Facsimile: 415/263-7010

Robert R. Moore, Esq.
Michael J. Betz, Esq.
Allen Matkins Leck Gamble & Mallory LLP
333 Bush Street, Suite 1700
San Francisco, CA 94104
Facsimile: 415/837-1516

Philip J. Nicholsen, Esq.
221 Main Street, Suite 740
San Francisco, CA 94105
Facsimile: 415/364-4001

[ ]    (BY PERSONAL SERVICE) I caused the above-referenced document to be hand delivered to the addressee set forth above.

[ ]    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (BY FAX) I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 291-8426 and was reported as complete and without error. The facsimile machine properly issued a transmission report.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 1, 2004, at San Francisco, California.

_____
Michael Moss

Case: 04-04171   Doc# 1   Filed: 06/01/04   Entered: 06/01/04 15:54:12   Page 9 of 9